The Court

overruled the reasons, and entered judgment on the inquisition for the damages therein, and the costs of suit.
Martin, (Attorney-General,) S. Johnston and Ridgely, for the defendant.
¿', Johnston, for the defendant in error.
This was an ejectment brought for lands in Baltimore county, and recovered. A writ of inquiry of damages has been executed, returned by the sheriff, and final judgment thereon.
The errors assigned are the general ones, but it seems that the particular error is, that no writ of inquiry ought to issue in this case.
I shall therefore show, that a writ of inquiry may well lie in this case, and as this court can only judge of errors in the ‘ record before them, I shall confine myself to what appears therein. It appears from the record, that the lessor of the plaintiff recovered the lands contained in the writ of ejectment, on which a writ of possession issued, and the plaintiff was restored to his land.
That for the damages sustained by the said entry and ouster, a writ of inquiry was issued on the said judgment ; and the jury, who were respectable inhabitants of that county, were so well satisfied that the entry and ouster was so violent as to deserve exemplary damages, that they gave such as should deter others from such proceedings; they showed their detestation of the same, and gave damages accordingly. This will appear on viewing the quantity of land recovered. It could not be for any mesne profits, for they were insignificant, as nothing of that sort appears on the record, and the jury were the proper judges of the damages sustained by the entry and ouster; the law will always presume that what they have done is right.
A writ of inquiry ought to issue in this case, to recover damages sustained, after a judgment to recover the land. 2 Bac. Abr. 181. The plaintiff in ejectment, if he prevails, is to recover damages sustained in the particular act of ouster complained of. Pract. Reg. of the Com. Pleas, 62.
*9 By Holt, Chief Justice.
After a judgment to recover the lauds, and before a writ of inquiry executed, a writ of error will lie. Carth. 205.
The reason, as. I take it, is, that it is a mixed action, whereby the land may be recovered, and a writ of possession may issue for that purpose, which completes that part of the judgment; and damages for the ouster are to be ascertained by the writ of inquiry, for which a ca. sa. or a fi, fa. may be issued. This case shows that a writ of inquiry may issue to ascertain the damages, and. so the usual proceedings thereon have been, as appears by Lilly's Ent. 606. There was a writ of inquiry after a recovery in ejectment, together with the writ of possession, and was expressly to ascertain the damages sustained by reason of the trespass and ejectment. And an action also lies for the mesne profits.
In Strange, 1056. After a special verdict in ejectment, on the death of the lessor of the plaintiff, who was tenant for life, the plaintiff has a right to proceed for damages and costs; which in that case, after verdict, must-have been by writ of inquiry of damages, in case the judgment was given in his favour.
Buller's Nisi Prius, 80. says, it seems certain that the plaintiff may recover the whole mesne profits in the ejectment, and that it is apparent, from the 16 and 17 Car. II. which enacts, that in case the judgment be affirmed on the writ of error, the court may award a writ of inquiry, as well of the mesne profits as of the damages by any waste committed after the first judgment.
It will be said, that in ejectment the damages are merely nominal, and it is not usual to recover large damages for the ouster; that as it is but a rare thing that the entry and ouster is any other than fictitious, and no damages could be proved, they are, therefore, mostly small. But where the entry and ouster is actual, as in the present case, there can be no doubt but the party *10 may proceed for the damages sustained by reason thereof by writ of inquiry, which was the case in Lilly, 606.
The plaintiff may, also, in like manner proceed for damages and costs, where the lessor of the plaintiff dies after verdict, and where he was only tenant for life. Barnes's Notes, 87. shows that damages may be recovered, even for the mesne profits, on an ejectment, then a fortiori for the ouster.
Should it he alleged, that the damages should have been given by the jury on the trial, it is answered, that in many cases the defect of finding damages by a jury may be made up by a writ of inquiry. In Salk. 205. in replevin, the defendant avows as overseer of the poor for a distress for a rate, upon the 43 Eliz. c. 2. and on the trial the plaintiff is nonsuited; if the jury omit to find damages, this omission may be supplied by a writ of inquiry. Comb. 344. Skinner, 395. and Lord Holt said, that 17 Car. II. between Burton and Robinson, detinue was brought, and upon trial of the issue the jury found the damages, but not the value of the distress and the court granted a writ of inquii^, which he said was contrary to Cheney's Case, and, as he thought, contrary to law.
Sayre, 214. Upon a rule to show cause why a writ of inquiry should not be awarded for assessing treble damages, given by 43 Eliz. c. 2. it appeared, that the action was brought on account of something done by the defendant, as overseer of the poor, by virtue of his office ; that there was a verdict for the defendant; that the jury only assessed single damages. The court ordered a writ of inquiry.
1 Siderfin, 246. In detinue of charters on non detinet„ verdict for the plaintiff and damages, but the jury did not find the value of the deeds, and a writ of inquiry was awarded to that purpose, returned and ruled good.
Cro. Car. 143. On a demurrer to evidence, where the jury was discharged without finding conditional damages, *11 after judgment given, the court awarded a writ of inquiry, though the first jury might have assessed the damages, as in Ploxod. 408. Trials per pais, 461. Ld. Raym. 60. Skinner, 596.
The general rule is, “ that verdicts shall be favourably construed,” and “ if a verdict can be concluded out of the finding, to the point in issue, the court shall work it into form, and make it serve.” Lord Mansfield said, “ that where the intention of the jury is manifest, and beyond doubt, the court will set right matters of form, and the mere act of the clerk,” and said, “ the case is such a clear case, that the court may give judgment upon the substantial finding; though the clerk may have been irregular and faulty in point of form, it is very clear what the jury meant.” Denison, J. said, “ that verdicts are not to be taken strictly, (like pleadings,) but that the court will collect the meaning of the jury, if they give such a verdict that the court can understand them.” 2 Burr. 699, 700. Hob. 154. Trials per pais, 394—400. 2 Burr. 1159.
Trials per pais, 298. A verdict may be taken by reasonable intendment, where it stands upright. 2 Raym. 860. 865. After a verdict, the court will admit any intendment to make the case good, and all surplusage will be rejected, and no prejudice admitted.
A writ of inquiry is only for the purpose of informing the conscience of the court as to the damages.
By 1 Ann. c. 16. no judgment on any writ of inquiry of damages executed thereon, shall be stayed or reversed for,-or by reason of any imperfection, omission, deject, matter or thing whatsoever, which would have been aided or cured by any of the statutes of jeofails, in case a verdict of twelve men had been given in the said action, or suit. See 32 Hen. VIII. c. 30. 18 Eliz. c. 14.
The general court affirmed the judgment of the county courto
*12 The appellant removed the proceedings by writ of error to the court of appeals, where, at June term, 1793. the cause was entered agreed.